# EXHIBIT A

Case 2:22-cv-00093-JCC   Document 1-1   Filed 01/28/22   Page 2 of 18

ELECTRONICALLY FILED
1/21/2022 1:15 PM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 22-2-00359-31

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF SNOHOMISH

| | |
|---|---|
| GARY ALEXANDER and BRIANNA BROOKS, | Case No. 22-2-00359-31 |
| Plaintiffs, | COMPLAINT FOR DAMAGES |
| vs. | (Jury Trial Demanded) |
| SGT. CHRIS BREAULT, member of the Lynnwood police department, AARON WHYDE, member of the Bothell police department, KRISTOFER MUNOZ, member of the Lynnwood police department, MATTHEW SAUL, member of the Lynwood police department, JANENE TOVAR, STEVE PINK, CITY OF LYNWOOD, CITY OF BOTHELL, | |
| Defendants. | |

## I.   INTRODUCTION

1.   This is an action for damages by two residents of Snohomish County for violations of their Constitutional rights and Washington State law.

## II.   VENUE

**COMPLAINT FOR DAMAGES** - 1
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

2. The actions which form the basis of this complaint took place in Lynwood, Washington, and thus the Superior Court of Snohomish County is the proper forum for this matter.

### III.   PARTIES

3. Plaintiff Gary Alexander is an adult male resident of Snohomish County, Washington.

4. Plaintiff Brianna Brooks is an adult female resident of Snohomish County, Washington.

5. Defendant Sgt. Christopher Breault is a member of the Lynnwood Police Department, and at all times referred to herein, was acting under the color of the law and within the course and scope of his employment by the City of Lynnwood.

6. Defendant Aaron Whyde is a member of the Bothell Police Department, and at all times referred to herein, was acting under the color of the law and within the course and scope of his employment by the City of Bothwell.

7. Defendant Matthew Saul is a member of the Lynnwood Police Department, and at all times referred to herein, was acting under the color of the law and within the course and scope of his employment by the City of Lynnwood.

8. Defendant Kristofer Munoz is a member of the Lynnwood Police Department, and at all times referred to herein, was acting under the color of the law and within the course and scope of his employment by the City of Lynnwood.

9. Defendant Janene Tovar is an adult female resident of Snohomish County, Washington.

**COMPLAINT FOR DAMAGES** - 2
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

10. Defendant Steve Pink is an adult male resident of Snohomish County, Washington.

11. Defendant City of Lynwood, Washington is now, and at all times mentioned herein was, a governmental entity and political subdivision of the State of Washington, fully organized and existing under the State of Washington.

12. Defendant City of Bothell, Washington is now, and at all times mentioned herein was, a governmental entity and political subdivision of the State of Washington, fully organized and existing under the State of Washington.

### IV.   FACTUAL BACKGROUND

13. In 2019, defendant Steve Pink asked plaintiff Gary Alexander to hold his vehicle, a 2003 Chevrolet Monte Carlo after Pink was arrested for an outstanding warrant. Plaintiff Alexander had his girlfriend, plaintiff Brianna Brooks, pick up the keys to Pink's vehicle from the local jail. Unbeknownst to plaintiffs, Pink's vehicle was uninsured, and while Brooks was driving the vehicle, she was stopped by police and fined $600. When Pink was released from jail, Alexander told him he would return the vehicle when he was reimbursed for the $600 fine paid on Pink's behalf. Pink offered to sell the car and pay Alexander and Brooks back using the money from the sale, and plaintiffs agreed.

14. On Saturday, January 25, 2020, at around 2:00 or 3:00 PM, plaintiff received a text message from Steve Pink which stated that there was a person going by the name "Mike" who was interested in purchasing Pink's vehicle. A meeting was arranged outside restaurant named "Shari's", in a parking lot located at 19500 HWY 99 in Lynwood. Plaintiff Alexander drove the Monte Carlo and plaintiff Brooks drove his car.

COMPLAINT FOR DAMAGES - 3
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

15. The buyer, "Mike", was secretly part of a plan by Pink to forcefully take the Monte Carlo. Pink decided to have his friend pose as a buyer, and once in possession of the keys, pass them off to Pink so he and his girlfriend, defendant Janene Tovar, could drive away. Tovar and Pink decided to hide in the buyer's SUV, waiting for an opportunity to exit and attempt to enter the Monte Carlo. They brought a short-handled ice pick to the encounter, expecting a violent physical altercation. The ice pick was described in defendant Officer Munoz's incident report as resembling "a hatchet with two sharp ends".

16. "Mike" finally arrived in a SUV at approximately 4:30 PM, wearing a straw hat. Plaintiffs had just finished eating at Shari's walked over to meet the prospective buyer. Alexander and "Mike" conversed before entering the car for a test drive. They drove around the block, and when they returned to the parking lot, "Mike" parked the Monte Carlo next to his SUV, in which defendants Pink and Tovar were hiding. "Mike" said that he liked the car and walked over to the driver's seat of his SUV, handing the keys to the Monte Carlo to Tovar. Tovar exited the vehicle and walked past Alexander to get into the driver's seat of the Monte Carlo. Alexander initially assumed that Tovar was "Mike's" daughter and trying to test drive the car.

17. Tovar put the keys in the ignition and started the car. It was at this point that Alexander saw Pink exit the SUV with the ice pick in his hand. "You are fucking burnt, and I am taking the car!" Pink screamed. Realizing what was truly happening, Alexander then reached over and tried to take the keys out of the ignition while at the same time trying to ward off Pink. Tovar then put Alexander in a chokehold.

18. Seeing the violent altercation breaking out, Brooks tried to grab Tovar and pull her out of the car. Pink attacked Brooks with the ice pick. Alexander managed to break out of Tovar's chokehold and then told Brianna to run to safety and call 911, which she did.

COMPLAINT FOR DAMAGES - 4
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

19. Pink repeatedly hit Alexander in the arm, shoulder, ribs, hand and body with the ice pick, destroying Alexander's cell phone in the process.

20. When Pink heard the police sirens, he handed the ice pick to Tovar, who attempted to leave and was stopped at 5:17 p.m. by Lynwood police officers arriving at the scene. The officers observed that Tovar was attempting to conceal the weapon in her jacket, and upon questioning she insisted that the weapon was "a hammer". Officers noticed that Alexander had incurred several injuries, as the wounds sustained from the ice pick were visible.

21. The Lynwood officers did not identify Tovar and Pink as the assailants despite making the above-described observations at the scene. An ambulance was called to the scene and plaintiffs received some treatment but declined to be taken to the hospital.

22. At approximately 5:40 PM, defendant Sgt. Christopher Breault, detective for the Gang and Narcotics unit arrived in an unmarked car wearing plain clothes.  He appeared to recognize Pink and yelled at him to shut up. Sgt. Breault had been contacted by Pink earlier that day, with Pink claiming that he needed to retrieve his car from plaintiffs. Sgt. Breault talked to plaintiffs, telling Brooks that he had known Pink for a long time and had been dealing with him all day.  The officers present then told plaintiffs to give a statement and had them each fill out an incident statement and sign it. Officers took turns asking questions, asking which car each plaintiff drove to the location. Alexander told them that Brooks arrived in his car, a white Mercedes parked outside Shari's about 50 yards away. Alexander had just purchased the vehicle and he had a dealer tag in the front window.

23. Officers told plaintiffs that they could leave, and they then began to walk towards the Mercedes. However, Sgt. Breault then insisted that they not go anywhere yet. When plaintiffs asked why, Sgt. Breault said that they could not leave until a K-9 unit was brought to search their

COMPLAINT FOR DAMAGES - 5
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

Mercedes. Fifteen minutes passed before the K-9 arrived.  Officer Aaron Whyde, a member of the Bothell police department, showed up with a narcotics K-9 unit. The K-9 walked around, the handler stopped, and then the K-9 walked around the car a second time. Officer Whyde said something to Sgt. Breault, and Sgt. Breault told plaintiffs that the dog had alerted on the car.

24. The police officers informed Alexander and Brooks that the Monte Carlo must be searched, and that both cars would be impounded and searched later after acquiring a warrant. Officer Matthew Saul was told to follow the Monte Carlo as it was towed to the Lynwood Police Department parking facility and watch the vehicle, and Officer Sam Zacharia was told to do the same for the Mercedes. Brooks informed the officers that the several days the car would be impounded would be unacceptable, as the Mercedes still contained her purse. She explained that the medicine in her purse was a requirement for her to take daily. Brooks, who suffers from depression, anxiety and PTSD was without her medicine for three days until she could get her doctor to replace the medicine that was taken when the Mercedes was towed.  Brooks was sick and throwing up and could not leave the house.  Plaintiffs went without their car for nearly a month.  After several attempts to pick up the car, three weeks later Alexander was finally able to pick up his car and he was charged over five hundred dollars for the towing and storage.

## V.   ADMINISTRATIVE PROCEEDINGS

25. Within the statutory time period, plaintiffs filed claims, arising out of the events alleged herein, against the City of Lynwood. The City of Lynwood rejected these claims.

## VI.   FIRST CLAIM FOR RELIEF

**(42 U.S.C. 1983 – Unlawful Detention—All Individual Defendants)**

COMPLAINT FOR DAMAGES - 6
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

26.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 25 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

27.     Plaintiff were detained without reasonable cause to allow a drug sniffing dog to come and sniff their care in violation of the Fourth Amendment of the United States Constitution.

28.     The defendant lacked reasonable or probable cause to detain plaintiff while they summoned a K-9 sniff on the plaintiff Alexander's car, impound it, search it, and keep the vehicle for several weeks.

29.     Brianna Brooks' medication inside her purse was also seized and she was forced to go without medication that she took daily for several days, despite suffering from anxiety, depression, and PTSD.

30.     As a direct and proximate result of the actions described in this complaint, plaintiffs sustained economic and general damages, loss of use of their vehicle, emotional distress causing significant disturbance to their lives entitling them to damages in an amount to be proved at trial.

## VII.    SECOND CLAIM FOR RELIEF

**(Unlawful Search and Seizure 1983– All Individual Defendants)**

31.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 30 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

32.     Plaintiffs suffered an unlawful seizure of their vehicle by the above-named defendant officers who seized their vehicle without probable cause.

COMPLAINT FOR DAMAGES - 7
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

33. This unlawful seizure was a violation of plaintiffs' Fourth and Fourteenth Amendment rights to be free from unreasonable seizure. A seizure of personal property, in this case plaintiffs' vehicle and its contents, without probable cause is patently unreasonable.

34. As a direct and proximate result of defendants' conduct, plaintiffs sustained economic and non-economic damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which will be proven at trial.

## VIII.   THIRD CLAIM FOR RELIEF

**(42 United States Code § 1983 – Unlawful Search and Seizure Based on Judicial Deception)**

35. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

36. The actions of defendants Sgt. Christopher Breault, Matthew Saul and Kristofer Munoz in impounding plaintiff's car and searching it based on a warrant obtained by fraud and deception violated each plaintiff's Fourth Amendment rights to be free from such unlawful entries and searches in violation of 42 United States Code §1983.violated plaintiff's Fourth Amendment right to be free from unlawful entries and searches in violation of 42 U.S.C. § 1983.

37. As a direct and proximate result of defendants' conduct, plaintiff sustained economic and non-economic damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which will be proven at trial.

## IX.   FOURTH CLAIM FOR RELIEF

**(42 United States Code § 1983 – Monell Claim -- City of Lynwood)**

COMPLAINT FOR DAMAGES - 8
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

38. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 37 with the same force and effect as if such paragraphs were separately set out in this Fourth Claim for Relief.

39. At all times herein mentioned, defendant City of Lynwood had a mandatory duty of care to properly and adequately hire, train, retrain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to persons. With deliberate indifference, the City of Lynwood failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' right.

40. On information and belief, the City of Lynnwood has failed to train its officers in the proper law of arrest and the meaning of probable cause when it comes to arrest, searches and impounding vehicles so that its officers are uncertain as to the circumstances under which they should impound vehicles. The City of Lynnwood knows that its officers will arrest and prosecute numerous people without complying with the Fourth Amendment but despite said knowledge has continued to fail to properly train its officers.

41. The City of Lynnwood also does not take corrective action.

42. Said lack of policy of corrective discipline and failure to adequately train its police officers has exposed individuals who are in compliance with the law to unreasonable searches, detentions, and arrests.

43. Thus, the need to train officers in the constitutional limitations of detentions, arrests, and impounding vehicles when the need for training can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

COMPLAINT FOR DAMAGES - 9
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

44. In general, the pleadings contain sufficient evidence to establish the following facts: (1) a violation of a federally protected right, to wit, Fourth Amendment rights; (2) inadequate training of employees, to wit, gross failure to possess objective evidence of a crime before arresting and before impounding vehicles that were not involved in a crime despite availability of licensed drivers to drive those vehicles; and (3) causation between the inadequate training and plaintiff's damage.

45. Defendant City of Lynnwood breached its duty of care to plaintiff because it failed to adequately train and/or discipline its police officers, including those named in this complaint. Its supervisorial training, and/or policies and procedures are so grossly inadequate that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful arrests and use of force by officers employed by the City of Lakewood.

46. The foregoing acts, omissions, and systemic failures are customs and policies of defendant City of Lynnwood, which caused its officers to believe that determination of the right to detain, search, and arrest a person was within their unfettered discretion, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of a person's rights as occurred in this case. Such conduct on the part of defendant City of Lynnwood renders it liable for the constitutional violations of its officers.

47. The City of Lynnwood's unconstitutional policy regarding impoundment and retaining vehicles for based on a claim that a dog sniffed his vehicle violates the Fourth Amendment. The vehicle was not involved in any criminal activity and was simply parked on private property and plaintiff Alexander, who owned the vehicle was prepared to drive it home.

COMPLAINT FOR DAMAGES - 10
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Despite this, the vehicle was unlawfully towed by defendants. Lynnwood's policy of keeping towed vehicles while considering charges is also unconstitutional and violates the Fourth Amendment to the United States Constitution.

## X.   FIFTH CLAIM FOR RELIEF

### (42 United States Code § 1983 – Arrest without Probable Cause)

48. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim for Relief.

49. The actions of all defendant officers in arresting plaintiff Alexander without probable cause deprived him of his Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law.

50. The direct and proximate result of each defendant's acts is that plaintiff was forced to endure mental suffering and emotional distress, was deprived of his physical liberty.

## XI.   SIXTH CLAIM FOR RELIEF

### (Cities of Lynnwood and Bothell -- Respondeat Superior)

51. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 50 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim for Relief.

52. In doing the things herein alleged, defendant officers Matthew Saul, Kristofer Munoz, and Sergeant Christopher Breault were acting within the course and scope of their employment with the City of Lynnwood. The City of Lynnwood is therefore liable for the conduct of the defendant officers.

COMPLAINT FOR DAMAGES - 11
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

53. In doing the things herein alleged, defendant officer Aaron Whyde was acting within the course and scope of his employment with the City of Bothell. The City of Bothell is therefore liable for the conduct of the defendant officers.

## XII.   SEVENTH CLAIM FOR RELIEF

### (Trespass)

54. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 53 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim for Relief.

55. The actions of defendant officers and each of them in entering plaintiff Alexander's vehicle without his permission or consent constitute trespassing and a contributing factor to his physical pain and emotional distress damages.

## XIII.   EIGHTH CLAIM FOR RELIEF

### (Conversion)

56. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 55 with the same force and effect as if such paragraphs were separately realleged in this Eighth Claim for Relief.

57. The actions of defendant officers and each of them in taking plaintiff Alexander's vehicle and impounding it without his permission or consent constitutes conversion and a contributing factor to his physical pain and emotional distress damages.

## XIV.   NINTH CLAIM FOR RELIEF

### (False Arrest and Imprisonment)

**COMPLAINT FOR DAMAGES** - 12
Case No.

**Civil Rights Justice Center PLLC**
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

58. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 57 with the same force and effect as if such paragraphs were separately realleged in this Ninth Claim for Relief.

59. The conduct of defendant officers in detaining and arresting plaintiffs constitutes false imprisonment of plaintiffs. The actions of defendant officers in detaining and arresting plaintiffs constitutes false arrest and false imprisonment

60. As a direct and proximate result of defendant officers' intentional conduct, plaintiffs sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

## XV.   TENTH CLAIM FOR RELIEF

### (Improperly Impounding Vehicle)

61. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 60 with the same force and effect as if such paragraphs were separately set out in this Tenth Claim for Relief.

62. The actions of each of the individual defendant officers in removing plaintiff's vehicles from private property, when the vehicle was not involved in any criminal activity based on an alleged dog sniff, constitutes a seizure of personal property in violation of Washington law.

63. The deprivation and impounding of plaintiff Alexander's vehicle deprived him of its use and also caused other damage according to proof at trial.

## XVI.   ELEVENTH CLAIM FOR RELIEF

### (Negligence all defendant officers)

COMPLAINT FOR DAMAGES - 13
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

64. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 63 with the same force and effect as if such paragraphs were separately realleged in this Eleventh Claim for Relief.

65. The conduct of defendant officers in detaining and arresting plaintiffs and in impounding Alexander's care without conducting a proper investigation and basing their actions on the words of a known con artist was negligent and the city were also negligent in allowing improperly trained and unreliable dogs to sniff vehicle parked privately and then basing a decision to impound solely on the alert of the dog.

66. As a direct and proximate result of defendants' negligence, plaintiffs sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

### XVII.   TWELFTH CLAIM FOR RELIEF

**(Assault – Defendants Janene Tovar and Steve Pink)**

67. Plaintiff's reallege and incorporates by reference herein paragraphs 1 through 66 with the same force and effect as if such paragraphs were separately set out in this Twelfth Claim for Relief.

68. Defendant Janine Tovar acted with the intent to cause an apprehension of harmful or offensive contact with plaintiff Gary Alexander by placing him in a chokehold as he attempted to remove the keys out of the car's ignition, as described above.

69. Defendant Steve Pink acted with the intent to cause an apprehension of harmful or offensive contact with plaintiff Brianna Brooks by attacking her with the ice pick as she

COMPLAINT FOR DAMAGES - 14
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

attempted to stop defendant Janene Tovar from continuing to choke plaintiff Gary Alexander, as described above.

70. Defendant Steve Pink acted with intent to cause an apprehension of harmful or offensive contact with plaintiff Gary Alexander by repeatedly hitting him in the arm, shoulder, ribs, hand and body with the ice pick, as described above.

71. At no time did plaintiffs Brianna Brooks or Gary Alexander consent or acquiesce to any of defendants Janene Tovar or Steve Pink's acts alleged above.

72. As a direct and proximate result of defendants Janene Tovar and Steve Pink's intentional conduct, plaintiffs sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

## XVIII.   THIRTEENTH CLAIM FOR RELIEF

### (Battery – Defendants Janene Tovar and Steve Pink)

73. Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 72 with the same force and effect as if such paragraphs were separately set out in this Thirteenth Claim for Relief.

74. Defendant Janine Tovar acted with the intent to cause, and did in fact, cause offensive contact with plaintiff Gary Alexander by placing him in a chokehold as he attempted to remove the keys out of the car's ignition.

75. Defendant Steve Pink acted with the intent to cause, and did in fact, cause offensive contact with plaintiff Brianna Brooks by attacking her with the ice pick as she attempted to stop defendant Janine Tovar from continuing to choke plaintiff Gary Alexander.

COMPLAINT FOR DAMAGES - 15
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

76. Defendant Steve Pink acted with the intent to cause, and did in fact cause, offensive contact with plaintiff Gary Alexander by repeatedly hitting him in the arm, shoulder, ribs, hand and body with the ice pick.

77. At no time did plaintiffs Brianna Brooks or Gary Alexander consent or acquiesce to any of defendants Janene Tovar or Steve Pink's acts alleged above.

78. As a direct and proximate result of defendants Janene Tovar and Steve Pink's intentional conduct, plaintiffs sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which said damages will be proven at trial.

## XIX.   PRAYER FOR RELIEF

A. WHEREFORE, plaintiffs respectfully pray that this Court enter judgment against defendants, granting plaintiffs:

B. A money judgment against each defendant in an amount which will fully compensate them for their injuries, losses, harm and damages sustained in this matter;

C. That the Court award plaintiff their costs, including reasonable and statutory attorney fees incurred in this matter, as provided by law; and

D. Such further relief as this Court deems appropriate.

DATED: This 21st day of January, 2022.

                                                CIVIL RIGHTS JUSTICE CENTER, PLLC

                                                */s/ Darryl Parker*_____
                                                Darryl Parker, WSBA #30770
                                                Attorney for Plaintiffs

**COMPLAINT FOR DAMAGES** - 16
Case No.

Civil Rights Justice Center PLLC
2150 North 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

**CERTIFICATE OF SERVICE**

I, Ariana Nilchian, under penalty of perjury under the laws of the State of Washington declare as follows:

I am a legal assistant at the Civil Rights Justice Center, PLLC, and am over the age of 18. On the date and in the manner indicated below, I caused the foregoing COMPLAINT FOR DAMAGES and this CERTIFICATE OF SERVICE to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such to all counsel of record.

DATED this 21st day of January, 2022.

>   */s/ Ariana Nilchian*  
>   **Ariana Nilchian**, Legal Assistant

**COMPLAINT FOR DAMAGES** - 17  
Case No.

**Civil Rights Justice Center PLLC**  
2150 North 107th Street, Suite 520  
Seattle, Washington 98133  
(206) 557-7719 / Fax: (206) 659-0183